# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| STANLEY COPELAND, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 1:14-cv-01121-TWP-MJD |
| BRIAN SMITH, | ) ) ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Stanley Copeland for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 13-10-0145. For the reasons explained in this entry, Mr. Copeland's habeas petition must be **denied**.

## A. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On October 13, 2013, Correctional Officer M. Meyer wrote a Report of Conduct in case IYC 13-10-0145 charging Mr. Copeland with possession of drug paraphernalia, offense 202. The conduct report states:

> On October 13, 2013 at approximately 7:40 pm. I, Officer M. Meyer, was conducting random shakedowns in D-Unit bed area of Offender Copeland, Stanley DOC#203364 (D4-8U). During my search I found two syringes, one file, and one small shampoo bottle containing white paint located in a white pillow case sitting on top of Offender Copeland's bed mattress. These items were confiscated and secured for evidence. Offender Copeland was addressed about the pillow case being in his possession. He stated that it was his pillow case. He was then asked if the contents in the pillow case belonged to him and Offender Copeland stated "No." A Notice of Confiscated Property was issued to Offender Copeland for these items. Further search of his property produced no other contraband. These items were confiscated, photographed, and secured in evidence locker slot # 197. Offender Copeland refused to sign the Notice of Confiscated Property Form.
>
> [Filing No. 6-1].

On October 19, 2013, Mr. Copeland was notified of the charge and was given a copy of the conduct report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He requested a lay advocate and did not requested a witness. Mr. Copeland requested the following as evidence: the evidence card, chain of custody form, drug screen history, shakedown log/record, and the field test results on syringes.

The hearing officer conducted a disciplinary hearing in case IYC 13-10-0145 on November 9, 2013, and found Mr. Copeland guilty of the charge of possession of drug paraphernalia, offense 202. In making this determination, the hearing officer considered the staff reports, the offender's statement, and photo evidence. Based on the hearing officer's recommendations the following sanctions were imposed: a sixty (60) day deprivation of earned credit time, and a demotion from

credit class 1 to credit class 2, which was suspended. The hearing officer recommended the sanctions because of seriousness and nature of the offense, the offender's attitude and demeanor during the hearing, the degree to which the violation disputed/endangered the security of the facility, and the likelihood of the sanction having a corrective effect on the offender's future behavior. [Filing No. 6-3].

Mr. Copeland appealed the disciplinary proceeding through the administrative process. His appeals were denied. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were violated.

## C. Analysis

Mr. Copeland is not entitled to habeas relief because he was afforded due process. He asserts the following claims: 1) he was not provided with a lay advocate of his choice; and 2) he was denied evidence.

In ground one of the complaint, Mr. Copeland alleges he was wrongly denied the lay advocate of his choice. To the extent Mr. Copeland is trying to raise a federal claim about his lay advocate, inmates do not have a constitutional right to representation in disciplinary hearings. *Wolff v. McDonnell,* 418 U.S. at 570. Due process requires a lay advocate only in limited circumstances, such as when the inmate is illiterate or when "the complexity of the case makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Id.* Mr. Copeland does not claim to be illiterate, and his filings in this case show that he is literate and capable of articulating his position. This was not a complex case; the only issue before the hearing officer was whether Mr. Copeland was in possession of drug paraphernalia. To the extent Mr. Copeland argues in the return that it was a violation of the Adult Disciplinary Policy Procedures code to deny him the lay advocate of his choice, this claim also

fails. Alleged violations of state policies are not cognizable claims. *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997).

Moreover, Mr. Copeland requested a lay advocate and was appointed one. [Filing No. 6-2]. Based on the record, the Court cannot discern any due process violation. Accordingly, this claim is denied.

In ground two of the complaint, Mr. Copeland alleges he was denied evidence. Mr. Copeland sought review by both the warden and the Final Reviewing Authority, but his argument was limited to the issue that he was wrongly denied the lay advocate of his choice.
He has waived the issue that he was denied evidence by failing to failing to raise it during the administrative process. *See Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2000) (stating that issues must be raised at all administrative levels).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Copeland's petition for a writ of habeas corpus must be **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/14/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Stanley Copeland, #203364
Miami Correctional Facility
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, Indiana 46914

Electronically registered counsel